**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6294

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DONALD SNYDER,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-hc-02125-BR)

Submitted:  January 14, 2009          Decided:  February 27, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Snyder appeals the district court's orders: (1) finding that he continues to satisfy the criteria for commitment set forth at 18 U.S.C. § 4246(d) (2006) and continuing Snyder's commitment to the custody of the Attorney General; and (2) denying his motion for reconsideration. We affirm.

The record reveals that, upon Snyder's motion, the district court conducted a hearing in accordance with 18 U.S.C. § 4247(h) (2006). At the hearing, Dr. Newman testified that Snyder suffers from bipolar disorder with psychotic features. During the course of his hospitalization, Snyder has experienced episodes of severe mental illness during which he became extremely hostile. Additionally, Snyder has no social or family support, and his institutional adjustment has been difficult, including one occasion when he became catatonic and unable to care for himself. Furthermore, even with medication, Snyder is likely to have future episodes of mania and psychosis. Finally, Snyder has a history of noncompliance with his medication regimen.

Dr. Newman concluded that Snyder's unconditional release would create a substantial risk of bodily harm to others or serious damage to the property of others. Based on this testimony and other evidence of record, including a December

2

2007 forensic update prepared by staff at FCI-Butner, the district court found that Snyder met the criteria for continued commitment under § 4246 and later denied Snyder's motion for reconsideration of this order.[*]

Based on our review of the record, we find that the district court did not clearly err in its determination that Snyder continued to suffer "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(a); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992) (stating standard of review). We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

---

[*] Snyder contends that the district court's decision was based on erroneous or misleading information because certain documents were not before the court at the time it issued its original decision. However, Snyder submitted the documents in question when he moved for reconsideration. Accordingly, we are convinced that the ultimate decision to continue Snyder's commitment was only made following consideration of a full and complete record.